IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID KIRKLAND ANDREWS, | ) | CASE NO. 1:22-BK-03257 |
| | ) | CHAPTER 13 |
| DEBTOR. | ) | JUDGE HARRISON |

### JAMES AND ANNETTE MCLAUGHLIN'S OBJECTION TO DEBTOR'S MOTION TO COMPEL RETURN OF PERSONAL PROPERTY

**This matter is set to be heard on December 21, 2022 at 9:30 a.m. Courtroom One, US Customs House, 701 Broadway, Nashville, Tennessee**

Comes now James and Annette McLaughlin (collectively, the "McLaughlins"), creditors herein, and for their objection to the Debtor's Motion to Compel Return of Personal Property (the "Motion") (Doc. 21), states as follows:

1. The facts and circumstances surrounding the Motion stems from a Purchase and Sale Agreement (the "Agreement") dated September 2, 2022, in which David Andrews, the Debtor, agreed to purchase real property located at 830 Baker Road, Columbia, Tennessee (the "Property") from the McLaughlins for $1,000,000.00 (the "Purchase Price"). A copy of the Agreement is attached hereto as Exhibit 1.

2. Pursuant to the terms of the Agreement, the Debtor was to deposit (and indeed did deposit) $15,000.00 in earnest money (the "Earnest Money") with Middle TN Law Group, a third party agent who was to hold the Earnest Money pending the consummation of the Agreement.

3. Pursuant to the terms of the Agreement, the Debtor was to close the purchase of the Property by September 23, 2022, though the closing date was later extended by agreement of the parties to October 11, 2022. The Debtor initiated this case on October 10, 2022. The Debtor has neither assumed nor rejected the Agreement, nor has he taken any steps to close the purchase of the Property.

4. The Motion asks this Court to order the turnover of the Earnest Money to the Debtor. The Motion is not well taken, and should be denied, for several reasons.

5. First, the Motion was improperly filed as one under Rule 9013. The Debtor cites no statutory basis for his request. While it is proper to seek turnover of property in the possession of a debtor via motion, turnover of property in the hands of a third party requires the filing of an adversary proceeding pursuant to 11 U.S.C. § 542. Therefore, this matter is not properly before the Court as the Debtor has not ensured due process of the parties, including the McLaughlins and Middle Tennessee Law Group.

6. Second, even if the Motion was procedurally proper, the Debtor failed to give the McLaughlins proper notice of the Motion. The McLaughlins obviously have an interest in the Earnest Money as the counter-signatories to the Agreement, but the Debtor chose not to list the McLaughlins as creditors in this matter and chose to give them no notice of the Motion.

7. Finally, the Earnest Money should not be turned over to the Debtor because it is not property of the Debtor or the Debtor's estate. At the time of the filing of the petition, the Earnest Money was being held by a third party to secure performance of the Agreement. Both the Debtor and the McLaughlins had an interest in the Earnest Money; it did not belong to the Debtor. If the Debtor cannot or will not perform his obligations

under the Agreement, the Earnest Money should be used as a setoff against the damages suffered by the McLaughlins as a result of the Debtor's breach, pursuant to the terms of the Agreement. The McLaughlins anticipate damages well in excess of $15,000 as a result of the Debtor's breach.

WHEREFORE, the McLaughlins respectfully request that the Court deny the Debtor's Motion and grant the McLaughlins any remedy available in law or equity.

Dated this 7th day of November, 2022

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (Tn. Bar No. 21078)
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Phone: 615-465-6008
phillip@thompsonburton.com

Attorneys for James and Annette McLaughlin

**Certificate of Service**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF on all parties having made an appearance herein, including counsel for the Debtor and the Chapter 13 Trustee, and by mail to:

Middle Tennessee Law Group
809 S. Main Street, Suite 100
Columbia, TN 38401

This 7th day of November, 2022.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.