IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:
David Kirkland Andrews            BK:     22-03257-MH1-13
Debtor

AGREEMENT FOR REPRESENTATION,
DISCLOSURE OF COMPENSATION UNDER 11 USC 329 AND
BANKRUPTCY RULE 2016 (b)

1. I certify that I am the attorney for the above named debtor and that the compensation paid or agreed to be paid to me for services rendered or to be rendered on behalf of the debtor in, or in connection with a case under title 11 of the United States Code, such payment or agreement having been made after one year before the date of the filing of the petition, is as follows:

| | | | |
|---|---|---|---|
| Amount paid prior to filing | $0.00 | Estimated total fee | $12,500.00 |
| Amount of payment applied to filing fee | $0.00 | Agreed terms of payment | Hourly charges for services and related expenses subject to court approval by motion and notice and Order approving Compensation to be paid through the confirmed Chapter 13 Plan according to the terms of that Plan. |
| Amount of payment applied to attorney fee | $0.00 | Rates ** per hour: (billed in .1hr increments)<br><br>J. Robert Harlan       $350.00/ hour<br>Keith Slocum           $350.00/ hour<br>Megan Harlan Quillen   $350.00/hour<br>Paralegal               $ 90.00/ hour | |
| Amount in trust subject to court approval of fee applications | $12,500.00 | | |

\* Except where plan completion or dismissal is eminent
\*\* Rates are subject to review on January 1 each calendar year and established based upon rates approved by the Bankurptcy Court for the Middle District of Tennessee in similar cases.

2. For the agreed upon fee based upon the above hourly rates, J. Robert Harlan, agrees to use reasonable best efforts to preform all regular and routine services to be rendered in this Chapter 13 proceeding, which include but are not limited to the following: meeting and counseling with the debtor to review the debtor's assets, liabilities, income, and expenses and concerning the nature and effect of Chapter 13 bankruptcy. Preparation and filing of statements and schedules, attendance at the meeting of creditors and confirmation hearing, preparation of a defense in the event of a motion to dismiss or motion for relief from stay, preparation of motions by debtor to amend the plan, add creditors, or suspend payments, and motions to incur credit or to buy or sell property of the estate, or re-finance secured loans. Where necessary, motions to avoid liens under 11 USC 522 will be prepared and filed. Other services are also contemplated prior to and during the Chapter 13 case which will assist the debtor to fully understand the rights and responsibilities of a Chapter 13 debtor such as and explanation of how administrative costs and fees are to be paid, advice as to the requirements for casualty loss insurance for secured loans, the requirements for attendance at creditor meetings, and advice concerning plan payment requirements.

3. The debtor has acknowledged that matters may arise in connection with the bankruptcy case which are not included in the regular and routine services described above. The attorney may be asked to perform services associated with representing debtor in such matters. Charges for such additional services will be assessed at the standard hourly rate for the particular attorney working on the case, and shall be billed periodically as stated above. The Debtor has been advised that these charges must be submitted to the Bankruptcy Court for approval. Such services would include, but not limited to, attendance at depositions or Rule 2004 Examinations

and other pretrial hearings in regard to adversary proceedings concerning discharge of debt, research, preparation of briefs, preparation for trial, and court time at trial in such litigated matters placed on an adversary track.

4. The debtor acknowledges that all determinations as to the existence or absence of property liens is based solely on information provided by the debtor and no independent search of the register's offices has been conducted to exclude the possibility of additional property liens such as judgement liens, artisans liens, marital liens, or tax liens. The debtor acknowledges that unknown or undisclosed liens which are not provided for in the plan may survive the completed bankruptcy case and may impair title to property. The debtor acknowledges that this agreement does not include a lien search or property record search as would be conducted to buy or sell real estate. If such a search is desired by debtor then debtor shall arrange and pay for the same from debtor's separate funds. Appraisal information is not separately verified and the values of debtor's assets may be based on unconfirmed sources. If the value of property is of special importance, the debtor agrees to arrange necessary appraisal services and pay to cost of the same.

5. The debtor has acknowledged that matters may arise in connection with the bankruptcy case which require, for resolution, a determination of a substantive legal issue which is separate from and not normally considered part of a bankruptcy case such as a determination of support in domestic court, tax liability matters in tax court, or defense of liability of a tort claim. This agreement does not extend to representation in non-bankruptcy courts or preparation of substantive defenses in non-bankruptcy areas of law for which outside counsel may be obtained, if desired, at the debtor's separate expense. In the event separate counsel is obtained for a hearing in bankruptcy court, J. Robert Harlan will assist in procedural matters to present the issue in Bankruptcy court.

6. J. Robert Harlan has not agreed to share this compensation with any other person.

7. The debtor has acknowledged that the fees charged and approved by the court for services performed and work done in the case will be the responsibility of the debtors, jointly and severally, until such time as the full amount shall have been paid from the bankruptcy trustee disbursements. In the event the case is dismissed by order of the Bankruptcy Court prior to the entire balance of fees having been paid then the debtor agrees to immediately pay the balance to J. Robert Harlan and that the entire remaining amount thereof shall be immediately due and payable. Thereafter, any unpaid portion of the fees shall accrue interest at the rate of 1.5% per month computed on the unpaid balance. If placed for collection debtor agrees to pay all costs of collection including reasonable attorney fees.

8. ASSIGNMENT - In accordance with the provisions of this agreement I hereby assign to J. Robert Harlan any amount of funds payable to me from the Chapter 13 Trustee to be applied to any unpaid portion of the awarded attorney fees following dismissal of the chapter 13 case or conversion of the case to chapter 7. The Chapter 13 Trustee is authorized to pay the funds directly to J. Robert Harlan without further Order of this Court.

9. By signing below, I acknowledge that I have received a copy of this disclosure and agree to its terms which have been fully and satisfactorily explained.

    11/10/22                 /s/ David Kirkland Andrews
DATE                  David Kirkland Andrews

    DATE 11/10/22                  /s/ J. ROBERT HARLAN
                                       J. ROBERT HARLAN - BPR No. 010466
                                       Harlan, Slocum & Quillen
                                       Attorney for the Debtor
                                       39 Public Square
                                       PO Box 949
                                       Columbia, TN 38402-0949
                                       Phone - 931/381-0660
                                       Fax - 931/381-7627
                                       bob@robertharlan.com